THE STATE, THE BERGEN NECK RAILWAY COMPANY, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE AND RALPH G. PACKARD.

The resolution passed by the common council of the city of Bayonne, authorizing a person, at his own expense, to grade a portion of a street and build a bridge therein across a private canal, is invalid. Such authorization should have been by ordinance.

On *certiorari.*

This writ brings up a resolution passed by the common council of the city of Bayonne, on May 6th, 1890, in the following form:

" *Resolved,* That said R. G. Packard be and he is hereby authorized and empowered, at his own cost and expense, to grade to the established grade East 28th street, from the westernmost boundary of his land, to the westernmost side of the canal or basin being constructed by him, and to build, construct and maintain a suitable drawbridge of not less than twenty-five feet in width, in the line of said street, and across said canal or basin, all to be done under the supervision of the city engineer, and in conformity with plans officially approved by him, and whose fees are to be paid by said R. G. Packard, Esq.; also

" *Resolved*, That on the completion of the drawbridge as above, said R. G. Packard, Esq., shall be relieved from further improvement of that portion of East 28th street over said canal or basin."

Argued at February Term, 1892, before Justices DIXON, REED and GARRISON.

For the prosecutors, *Dickinson & Thompson* and *Gilbert Collins*.

For the defendant, *Joseph D. Bedle*.

The opinion of the court was delivered by

REED, J.  It was held in the case of the *State, Story* v. *The City of Bayonne*, 6 *Vroom* 335, that the grading of a street, under the charter of the city of Bayonne, can only be done by ordinance.

It was held in that case that a resolution directing the street commissioner to remove earth along the Bergen road, and to have said road graded, was invalid.

In the case of *Hunt* v. *Lambertville*, 16 *Vroom* 279, it was held, that where express power is given to construct public works at public expense, it impliedly empowers the council to sanction the building of such works at private expense, but that this implied power must be exercised in the same manner as the express power.

The only reason assigned for withdrawing this resolution conferring a power to grade a street from the control of these cases, is the language of section 89 of the charter of Bayonne. *Pamph. L.* 1872.

That section provides that the "common council may at any time, by resolution, direct any street improvements to be made in any street, road or avenue in said city where they direct, by resolution, that the city is to pay for the same by general tax, and when the expenditure therefor shall not exceed $1,000."

It is questionable whether this resolution can be brought within the spirit of this section, although the grading is to be done at the expense of a private person, and so is not to cost the city the sum of $1,000.

But this question seems to be conclusively settled by the case of the *Bergen Neck Railroad* v. *Packard,* 48 *N. J. Eq.* 281. In that case, when it was in the Court of Chancery, Vice Chancellor Pitney passed upon the validity of this very resolution.

He held that its subject matter was one in which the common council could act only by an ordinance.

This decision was affirmed in the Court of Errors for the reasons given by the Vice Chancellor.

The resolution must be set aside.